### FORSCHNER v. KULKIN.

(Supreme Court, Appellate Term, First Department. June 3, 1914.)

BREACH OF MARRIAGE PROMISE (§ 23*)—EVIDENCE—SUFFICIENCY.

In an action for breach of promise aggravated by seduction, evidence *held* not to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. §§ 31, 37; Dec. Dig. § 23.*]

Appeal from City Court of New York, Trial Term.

Action by Gussie Forschner, an infant, by Marcus Linzer, her guardian ad litem, against Joseph Kulkin. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

S. C. Sugarman, of New York City (J. H. Sugarman, of New York City, of counsel), for appellant.

Mortimer W. Solomon, of New York City, for respondent.

GUY, J. The complaint, in paragraphs IV and V, alleges that at numerous and divers times between and in or about the month of May, 1909, and August, 1909, plaintiff, an infant under the age of consent, and defendant entered into a mutual contract to marry, and that said mutual promises were known and published by plaintiff and defendant to their families, friends, and acquaintances.

In paragraph VI plaintiff alleges that on or about the 5th day of July, 1908, and at divers other times, the defendant induced and persuaded the plaintiff, and only by reason thereof, and under cover of his promise to marry the plaintiff, to have sexual intercourse with the plaintiff, and that defendant did have such intercourse, and did seduce the plaintiff, and deprive her of her chastity, etc., theretofore possessed by her; and that on or about the 14th day of August, 1908, the plaintiff requested, and has since repeatedly requested, the defendant to marry her, which he has refused to do.

The plaintiff, in her affidavit made for the purpose of securing the arrest of defendant, states specifically that on or about the 5th day of July, 1909, defendant had sexual intercourse with her at the home of defendant's parents, and again about two weeks thereafter; yet, when

called as a witness, plaintiff, on direct examination, testified that such act of seduction and her first sexual intercourse with defendant occurred on July 3, 1908, and again on July 5, 1908, at night, at the home of defendant's parents, where he lived, and that she consented to these acts of sexual intercourse in consideration of defendant's promise to marry her. Her testimony was in many respects contradictory, evasive, and incredible.

Defendant testified absolutely that he never made any promise of marriage and never had sexual intercourse with plaintiff, and by his own testimony, corroborated by other credible evidence, convincingly proved that on the night of July 3, 1908, he was absent for the entire night from his parents' home, and on July 5, 1908, left New York City in the daytime for Ulster county, where he remained for a period of more than two weeks, thus entirely discrediting plaintiff's testimony as to the sexual intercourse between herself and defendant at or about those dates. It also appears by uncontradicted evidence that, at the time plaintiff alleges defendant entered into the contract of marriage with her, his betrothal to another young woman had been formally announced, accompanied by a social function at the home of defendant's parents, where plaintiff was employed, under circumstances which render plaintiff's denial that she had knowledge of such betrothal entirely incredible.

During the course of the trial the foreman of the jury displayed so much hostility toward defendant, and so frequently interrupted defendant's counsel with offensive remarks, that the court was obliged to remove him from the jury box, and the case was continued with 11 jurors with the acquiescence of defendant's counsel, though his formal consent was not made matter of record. In the light of this occurrence, and of all the circumstances of the case, and especially in view of the evasive, contradictory, and incredible character of plaintiff's testimony, we are of the opinion that the verdict reached by the jury was the result of passion and prejudice, and, being entirely against the weight of evidence, should not be permitted to stand.

There also appears to be a lack of proof as to defendant's refusal to perform the alleged contract of marriage; but, in the light of all the evidence in the case, we are not of the opinion that this deserves consideration.

It is further urged by the defendant appellant that, plaintiff being under the age of consent, and there being no allegation or proof of the consent of her parents, she was incapable of entering into a binding contract of marriage with defendant, which could be enforced against her, and that the contract was void for lack of mutuality; also that, in the absence of allegation or proof that the consent of the parents had been obtained, a contract by defendant to marry an infant under age would be illegal, inasmuch as the performance of the contract on defendant's part would involve the commission of a felony. Penal Law (Consol. Laws, c. 40) § 70. It is unnecessary to pass upon these points, in view of the fact that on the record presented the verdict is clearly against the overwhelming weight of evidence.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.